**Slip Op. 05-150**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
GLOBE METALLURGICAL, INC.               :
and SIMCALA, INC.,                      :
                                        :
            Plaintiffs,                 :
                                        :
            v.                          :
                                        :
UNITED STATES,                          :
                                        :   Consol. Court No.
            Defendant,                  :       03-00202
                                        :
            and                         :
                                        :
BRATSK ALUMINIUM SMELTER                :
and RUAL TRADE LIMITED,                 :
                                        :
            Defendant-Intervenors.      :
_____:


**JUDGMENT**

     In <u>Globe Metallurgical, Inc. v. United States</u>, 29 CIT ___, Slip Op. 05-90 (2005), the Court remanded this matter to the United States Department of Commerce ("Commerce") with instructions to: (1) recalculate ZAO Kremny and SUAL-Kremny-Ural Ltd.'s (collectively, "Kremny's") antidumping duty margin using as partial adverse facts available the antidumping duty margin for Bratsk Aluminum Smelter and Rual Trade Limited (collectively, "Bratsk") that was calculated in <u>Final Results of Redetermination Pursuant to Court Remand</u> ("<u>First Remand Results</u>") filed on December 23, 2004; or (2) explain the use of the Bratsk margin from the <u>Notice of Amended Final Determination of Sales at Less Than Fair Value: Silicon Metal From the Russian Federation</u>, 68 Fed. Reg. 12,037 (Mar. 13, 2003). <u>See</u> <u>Globe Metallurgical</u>, 29 CIT at ___, Slip Op. 05-90 at 14. On October 25, 2005, Commerce filed its <u>Final Results of Redetermination Pursuant to Court Remand</u> ("<u>Second Remand Results</u>"). For its <u>Second Remand Results</u>, Commerce recalculated Kremny's antidumping duty margin using the antidumping duty margin for Bratsk that was calculated in the <u>First Remand Results</u>. <u>See</u> <u>Second Remand Results</u> at 3. Accordingly, Kremny's antidumping duty margin for the period July 1, 2001, through December 31, 2001, is 61.61 percent. <u>See</u> <u>id.</u> at 4.

This Court, having received and reviewed Commerce's <u>Second Remand Results</u>, comments of Plaintiffs, and response of Defendant, holds that Commerce duly complied with the Court's remand order, and it is hereby

**ORDERED** that Commerce's <u>Second Remand Results</u> are reasonable, supported by substantial evidence, and otherwise in accordance with law; and it is further

**ORDERED** that the <u>Second Remand Results</u> filed by Commerce on October 25, 2005, are affirmed in their entirety; and it is further

**ORDERED** that since all other issues have been decided, this case is dismissed.


       <u>/s/ Nicholas Tsoucalas</u>
         NICHOLAS TSOUCALAS
          SENIOR JUDGE


Dated:    November 28, 2005
         New York, New York